IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEX M. JAMES II,

        Petitioner,

        v.

TIM BUCHANAN, WARDEN,
NOBLE CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:18-CV-00750
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, the Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

### I. FACTS AND PROCEDURAL HISTORY

Petitioner challenges his conviction after a jury trial in the Muskingum County Court of Common Pleas on possession of cocaine with a major drug dealer specification. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On March 11, 2015, at approximately 1:00 PM, appellant's then-girlfriend Norel Crawford was driving a 2008 Mazda automobile on eastbound Interstate 70 in Muskingum County. Appellant James was sitting in the Mazda's front passenger seat.
>
> {¶ 3} At that time, Ohio State Highway Patrol Trooper Samuel Hendricks was watching traffic from his stationary cruiser in the median near mile marker 153. Upon noticing what appeared to be illegal window tinting on the Mazda as it passed his location, the trooper commenced a pursuit of said vehicle.
>
> {¶ 4} When Trooper Hendricks caught up with Crawford's Mazda, he observed it travelling in the left-hand lane (as generally required for thru-traffic within the city limits of Zanesville). Crawford moved her vehicle into the right-hand lane, as

did several other vehicles, as the trooper's cruiser approached. Crawford thereupon pulled over just east of the on-ramp at the 7th Street interchange.

{¶ 5} Trooper Hendricks pulled up behind the Mazda, got out of his cruiser, and approached the vehicle from the passenger side. He informed Crawford of his basis for the traffic stop. During the discussion, the trooper told her he smelled an odor of "raw" marijuana emanating from the passenger compartment. Crawford and Appellant James were subsequently removed from the Mazda and placed in the back of the trooper's cruiser.

{¶ 6} Upon the arrival of a back-up trooper, Hendricks searched the passenger compartment of the Mazda, at which time he observed marijuana "shake" on the floor board and center console. He next searched the trunk, but found nothing illegal. However, upon opening the engine hood, he located next to the battery a plastic bag containing two "food saver" bags of cocaine. Furthermore, the second trooper found a set of digital scales in the glove box.FN1

FN1: The record indicates that the second trooper did not *report* to his dispatcher collecting the scales until after Trooper Hendricks had seized the bags of cocaine. However, Hendricks testified the scales were discovered first. See Supp. Tr. At 46-47, 20-21.

{¶ 7} Crawford and appellant were taken into custody and transported to the local highway patrol post. Appellant initially was released without charges. In the meantime, Crawford declined to talk about the discovery of the cocaine. She was detained and subsequently indicted for possession of more than one-hundred grams of cocaine and a major drug offender specification. Tr. at 259.

{¶ 8} About two months later, Crawford negotiated a deal with the prosecutor's office. In exchange for her agreement to testify against appellant, the State offered to reduce her sentencing exposure from a mandatory eleven years to three years imprisonment. Tr. at 272.

{¶ 9} On May 27, 2015, the Muskingum County Grand Jury indicted Appellant James on one count of possessing one-hundred or more grams of cocaine and a major drug offender specification, and one count of possessing drug paraphernalia, i.e., a set of digital scales.

{¶ 10} On September 15, 2015, appellant filed a motion to suppress, concerning the evidence seized during the aforesaid warrantless vehicle search by the troopers on March 11, 2015. The trial court, following an evidentiary hearing on October 2, 2015, denied the suppression motion.

{¶ 11} The case then proceeded to a jury trial on October 20 and 21, 2015. The State's case included Norel Crawford's testimony. No defense witnesses were called.

Appellant was found guilty of possession of cocaine and the major drug offender specification. The drug paraphernalia count was dismissed at the request of the prosecutor at the close of the State's case. See Tr. at 342.

{¶ 12} On November 2, 2015, the trial court sentenced appellant to eleven years in prison. On December 1, 2015, appellant filed a notice of appeal. He herein raises the following six Assignments of Error:

{¶ 13} "I. THE DENIAL OF DEFENDANT–APPELLANT'S MOTION TO SUPPRESS THE COCAINE FOUND IN THE ENGINE COMPARTMENT OF THE VEHICLE WAS ERRONEOUS AS A MATTER OF LAW AND VIOLATED HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION DUE TO THE ABSENCE OF ANY TESTIMONY FROM THE STATE TROOPER THAT THE QUANTITY OF 'SHAKE' IN THE PASSENGER COMPARTMENT WAS INSUFFICIENT TO EXPLAIN THE ODOR OF RAW MARIJUANA.

{¶ 14} "II. DEFENDANT–APPELLANT WAS DENIED HIS RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION TO A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS FOURTH AMENDMENT CLAIM DUE TO THE TRIAL COURT'S PRECONCEIVED OPINIONS REGARDING THE CREDIBILITY OF THE TROOPER WHO CONDUCTED THE SEARCH AND ITS REFUSAL TO PERMIT DEFENSE COUNSEL TO CROSS–EXAMINE HIM WITH THE DASHCAM RECORDING OF THE VEHICLE STOP.

{¶ 15} "III. DEFENDANT–APPELLANT'S CONVICTION FOR POSSESSION OF 100 OR MORE GRAMS OF COCAINE AND MAJOR DRUG OFFENDER SPECIFICATION IS NOT SUPPORTED BY EVIDENCE SUFFICIENT TO SATISFY THE REQUIREMENTS OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION DUE TO THE LACK OF ANY EVIDENCE REGARDING THE AMOUNT OF ACTUAL COCAINE THAT HE ALLEGEDLY POSSESSED.

{¶ 16} "IV. DEFENDANT–APPELLANT WAS DENIED A FUNDAMENTALLY FAIR TRIAL AND DEPRIVED OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS DUE TO THE ERRONEOUS ADMISSION OF TESTIMONY REGARDING A) 'COMMON BEHAVIORS ASSOCIATED WITH DRUG COURIERING,' AND B) A VISIT BY AN ATTORNEY WHO ALLEGEDLY INFORMED DEFENDANT–APPELLANT'S FORMER GIRLFRIEND SHE DID NOT HAVE TO TESTIFY.

{¶ 17} "V. DEFENDANT–APPELLANT WAS DENIED A FUNDAMENTALLY FAIR TRIAL AND DEPRIVED OF HIS FOURTEENTH

AMENDMENT RIGHT TO DUE PROCESS DUE TO IMPROPER REMARKS BY THE PROSECUTOR ACCUSING DEFENSE COUNSEL OF MISREPRESENTING THE FORMER GIRLFRIEND'S COOPERATION AGREEMENT AND ACCUSING DEFENDANT–APPELLANT OF 'DISPATCHING' AN ATTORNEY TO PERSUADE THE FORMER GIRLFRIEND NOT TO TESTIFY.

{¶ 18} "VI. THE TRIAL COURT'S REFUSAL TO GIVE DEFENDANT–APPELLANT'S REQUESTED INSTRUCTION DIRECTING THE JURY TO BASE ITS DRUG QUANTITY FINDING ON THE AMOUNT OF ACTUAL COCAINE VIOLATED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO A JURY DETERMINATION AT [SIC] TO ALL SENTENCING ENHANCEMENT FACTORS."

*State v. James*, 5th Dist. No. CT2015-0059, 2016 WL 6599952, at *1–3 (Ohio Ct. App. Oct. 31, 2016). On October 31, 2016, the appellate court affirmed the judgment of the trial court. *Id*. On July 5, 2017, the Supreme Court of Ohio declined to accept jurisdiction of the appeal. *State v. James*, 149 Ohio St. 3d 1464 (Ohio 2017).

On August 1, 2018, Petitioner filed this pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As his sole ground for relief, Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction.

## II. STANDARD OF REVIEW

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case. The United States Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 20 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-

court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

AEDPA limits a federal court's authority to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Further, under AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)), *cert. denied sub nom. Coley v. Robinson*, 134 S. Ct. 513 (2013). The United States Court of Appeals for the Sixth Circuit has summarized these standards as follows:

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially

5

indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495, 146 L.Ed. 2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407, 529 U.S. 362, 120 S. Ct. 1495, 146 L.Ed. 2d 389.

*Id*. at 748–49. The burden of satisfying AEDPA's standards rests with the petitioner. *See Cullen v. Pinholster,* 563 U.S.170, 181 (2011).

### III.   MERITS

Petitioner asserts that the evidence is constitutionally insufficient to sustain his conviction. The appellate court rejected this claim on the merits:

> [A]ppellant contends his conviction for cocaine possession, with a major drug offender specification, was not supported by sufficient evidence. . . . We disagree[.]
>
> {¶ 42} In reviewing a defendant's claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
>
> ***
>
> {¶ 44} In the case sub judice, appellant was indicted on the first count under R.C. 2925.11(A), which states: "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."
>
> {¶ 45} Appellant was also charged as a "major drug offender," R.C. 2941.1410, which is defined in pertinent part as "an offender who is convicted of or pleads guilty to the possession of, sale of, or offer to sell any drug, compound, mixture, preparation, or substance that consists of or contains * * * at least one hundred grams of cocaine * * *." R.C. 2929.01(W).
>
> {¶ 46} Appellant presently maintains that without testimony as to the amount of actual cocaine seized by the troopers, the State presented insufficient evidence to convict him for possession of cocaine with a major drug offender specification. He points out that the lab supervisor who testified for the State, Heather Sheskey, conceded that she had utilized qualitative testing, which is for determining

whether a substance "contain[s] some form of cocaine." Tr. at 305. She further explained that she typically does not test for a substance's cocaine "purity." Tr. at 306. In this instance, the weight of the first sample was over 230 grams, while the weight of the second sample was over 32 grams. Tr. at 301.

{¶ 47} The issue thus presented is currently before the Ohio Supreme Court on a certified conflict between the decision of the Sixth District Court of Appeals in *State v. Gonzales*, 6th Dist. Wood No. WD–13–086, 2015–Ohio–461, and the decision of the Second District Court of Appeals in *State v. Smith*, 2nd Dist. Greene No.2010–CA–36, 2011–Ohio–2658. However, in *State v. Chandler*, 157 Ohio App.3d 672, 2004–Ohio–3436, 813 N.E.2d 65, we held, in a cocaine trafficking (major drug offender) sentencing case, that the State is required to prove (1) the identity of the controlled substance and (2) a detectable amount of that substance. *Id*. at ¶ 29, emphasis added.FN2

FN2: The trafficking sentencing statutes involved in *Chandler* were R.C. 2925.03(A) and (C)(4)(g). The Ohio Supreme Court subsequently accepted the case as a discretionary appeal and affirmed, holding as follows: "A substance offered for sale must contain some detectable amount of the relevant controlled substance before a person can be sentenced as a major drug offender under R.C. 2925.03(C)(4)(g)." *State v. Chandler*, 109 Ohio St.3d 223, 2006-Ohio-2285, 846 N.E.2d 1234 (2006), syllabus.

{¶ 48} We herein apply our rationale expressed in *Chandler*, and thereby overrule appellant's Third and Sixth Assignments of Error. *See, also, State v. Reese*, 5th Dist. Muskingum No. CT2015–0046, 2016–Ohio–1591, ¶ 6, appeal allowed, 146 Ohio St.3d 1427, 2016–Ohio–4606, 52 N.E.3d 1203 (2016).

*State v. James*, 2016 WL 6599952, at *6–7.

In determining whether the evidence was sufficient to support a petitioner's conviction, a federal habeas court must view the evidence in the light most favorable to the prosecution. *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The prosecution is not affirmatively required to "rule out every hypothesis except that of guilt." *Id*. (quoting *Jackson,* 443 U.S. at 326). Instead, "a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume— even if it does not affirmatively appear in the record—that the trier of fact resolved any such

conflicts in favor of the prosecution, and must defer to that resolution.' " *Id*. at 296–97 (quoting *Jackson*, 443 U.S. at 326).

Moreover, federal habeas courts must afford a "double layer" of deference to state court determinations of the sufficiency of the evidence. As explained in *Brown v. Konteh*, deference must be given to the jury's finding of guilt because the standard, announced in *Jackson v. Virginia*, is whether "viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 567 F.3d 191, 205 (6th Cir. 2009). Additionally—and even if a de novo review of the evidence leads to the conclusion that no rational trier of fact could have so found—a federal habeas court "must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*.; *see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009). This is a substantial hurdle for a habeas petitioner to overcome. *See, e.g.*, *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (noting that a habeas petitioner challenging the sufficiency of evidence "faces a nearly insurmountable hurdle").

Here, Petitioner argues that the evidence is constitutionally insufficient to sustain his conviction on possession of cocaine with a major drug offender specification because the state failed to prove the actual amount of cocaine. The state appellate court rejected this argument. First, the court noted that Heather Sheskey, lab supervisor, testified that the substance at issue "contained some form of cocaine," and the total weight of the substance exceeded 232 grams. *State v. James*, 2016 WL 6599952, at *6–7. Then, the state appellate court concluded that Ohio law does not require the State to establish the actual amount of cocaine. Moreover, the Supreme Court of Ohio has reached the same legal conclusion. *See State v. Gonzales*, 81 N.E.3d 419, 420 (Ohio 2017) ("We now hold that the entire 'compound, mixture, preparation, or substance,'

8

including any fillers that are part of the usable drug, must be considered for the purpose of determining the appropriate penalty for cocaine possession under R.C. 2925.11(C)(4)." *Id.* This Court defers to the state court's interpretation of its own statutes in reviewing a claim of insufficiency of the evidence. *See Hunt v. Warden, Lebanon Corr. Inst.,* No. 2:15-cv-2377*,* 2016 WL 7210919, at *20 (S.D. Ohio Dec. 13, 2016) (citing *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (noting that this Court must "defer to a state court's interpretation of its own rules of evidence and procedure"); *Bennett v. Warden, Lebanon Correctional Inst*., 782 F. Supp. 2d 466, 478 (S.D. Ohio March 15, 2011) ("[T]he state courts are the final authority on state-law issues[;] the federal habeas court must defer to and is bound by the state court's rulings on such matters.") (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("it is not the province of a federal habeas court to re-examine state-court determinations on state law questions.")). *See also Anderson v. Robinson*, No. 2:13-cv-5501677, at *17 (S.D. Ohio Oct. 30, 2014) (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)).

Applying AEDPA, the Undersigned concludes that the state appellate court neither unreasonably applied clearly established federal law as determined by the Supreme Court nor unreasonably determined the facts. Consequently, Petitioner has not established that relief is warranted.

## IV. RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that this action be **DISMISSED**.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date:  December 19, 2018                    /s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　 KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　 UNITED STATES MAGISTRATE JUDGE