IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEX M. JAMES II,

    Petitioner,

v.

TIM BUCHANAN, WARDEN,
NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-750
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On December 19, 2018, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 9). Petitioner has filed an *Objection* to the Magistrate Judge's Report and Recommendation. (ECF No. 10). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 10) is **OVERRULED**. The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **ISSUES** a certificate of appealability.

Petitioner challenges his conviction after a jury trial in the Muskingum County Court of Common Pleas on possession of cocaine with a major drug dealer specification. He asserts, as his sole ground for relief, that the evidence is constitutionally insufficient to sustain his conviction based on the state's failure to establish the actual amount of cocaine. The Magistrate Judge recommended dismissal of this claim on the merits. Petitioner objects to that recommendation.

1

Petitioner maintains the state appellate court's denial of his argument that state law required proof of the actual amount of cocaine, improperly and unconstitutionally deprived him of fair notice of the charge against him. *See State v. James*, 5th Dist. No. CT2015-059, 2016 WL 6599952, at *1–3 (Ohio Ct. App. Oct. 31, 2016). According to the Petitioner, to uphold the state courts' decision would be tantamount to allowing the interpretation of state statutes by ex post factor "judicial fiat" and impermissible expansion of a state's laws beyond the legislature's plain intent, for example, by defining "cocaine" to encompass the possession of lollipops, a non-contraband substance. *Objection* (ECF No. 10, PAGE ID #789, 796).

Petitioner did not previously raise this same fair notice argument. Significantly, he did not raise the issue in the Ohio Court of Appeals. There, he argued solely that Ohio Rev. Code § 2925.11(C)(4)(f) required the prosecution to establish that the actual amount of pure cocaine exceeded 100 grams. *See Brief of Defendant-Appellant* (ECF No. 7, PAGEID # 85–86). Thus, he has waived consideration of the issue here.

In order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each constitutional claim in the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Although the fair presentment requirement is a rule of comity, not jurisdiction, it is rooted in principles of comity and federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or

in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, general allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id.*

Nothing in Petitioner's appellate brief would have alerted a state appellate court that he intended to raise a claim of the denial of fair notice or due process based on the state court's interpretation of its own laws. Additionally, he has not established cause for his failure to present this claim to state courts. Therefore, he has waived the right to present this issue in the first instance in these proceedings.

Moreover, the record does not reflect that the state courts adopted an unexpected and indefensible judicial interpretation of the statute so as to violate the Due Process Clause. Contrary to Petitioner's argument, *State v. Gonzales*, 81 N.E.3d 419 (Ohio 2017) ("*Gonzales II*") does not "cause a Fifth Amendment problem that otherwise does not exist." *Objection* (ECF No. 10, PAGE ID #789).

It is well-established that the Fifth Amendment requires a criminal statute provide fair notice of the conduct it punishes and the severity of the punishment, including statutes fixing sentences. *Johnson v. U.S.*, 135 S.Ct. 2551, 2556–57 (2015). "The crucial test is 'whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct could be criminally penalized.'" *O'Neal v. Bagley*, 743 F.3d 1010, 1015 (6th Cir. 2013) (quoting *United States v. Lanier*, 520 U.S. 259, 267 (1997)). "[A] defendant's due process rights are violated when a court applies a construction of the statute that 'is unexpected and indefensible by reference to the law which had been expressed prior to the

3

conduct in issue.'" *Id.* (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 354 (1964)). The analysis "begin[s] with the relevant statutory language and the manner in which it had been construed by the Ohio courts prior to the events in question." *Id.* at 1016.

Petitioner was indicted on May 27, 2015 and convicted by a jury of one count of possession of cocaine with a major drug dealer specification on October 21, 2015. *James*, 2016WL6599952, at *1–2. At the time of Petitioner's relevant conduct, the offense was defined by statute in Ohio:

> (C) Whoever violates division (A)[1] of this section is guilty of one of the following:
>
> (4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
>
> (f) If the amount of the drug involved equals or exceeds one hundred grams of cocaine, possession of cocaine is a felony of the first degree, the offender is a major drug offender, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree.

Ohio Rev. Code § 2925.11(C)(4)(f) (2012).[2] A separate statutory provision, in turn, defined "cocaine" as:

> (1) A cocaine salt, isomer, or derivative, a salt of a cocaine isomer or derivative, or the base form of cocaine;
> (2) Coca leaves or a salt, compound, derivative, or preparation of coca leaves, including ecgonine, a salt, isomer, or derivative of ecgonine, or a salt of an isomer or derivative of ecgonine;
> (3) A salt, compound, derivative, or preparation of a substance identified in division (X)(1) or (2) of this section that is chemically equivalent to or identical with any of those substances, except that the substances shall not include decocainized coca

---

[1] "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog." Ohio Rev. Code § 2925.11(A).
[2] The only difference between the relevant portion of the statute effective at the time of the offense and the statute currently in effect is the phrasing of "the maximum prison term prescribed for a felony of the first degree." *Cf.* Ohio Rev. Code § 2925.11(C)(4)(f) (2019) ("a maximum first degree felony mandatory prison term").

4

leaves or extraction of coca leaves if the extractions do not contain cocaine or ecgonine.

*Id.* § 2925.01(X) (2014).[3]

Petitioner argues that the statute does not provide notice that "one hundred grams *of cocaine*" includes the weight of a mixture containing some unknown amount of cocaine rather than pure cocaine. *Id.* § 2925.11(C)(4)(f) (emphasis added). Specifically, Petitioner contends that because the definition of "cocaine" does not include filler materials, the major drug offender specification requires proof of the weight of actual cocaine. However, Petitioner's focus on the definition of "cocaine" in § 2925.01(X) is misplaced.

The plain wording of the statute in contention provides notice that "if the amount of the drug involved equals or exceeds one hundred grams of cocaine," including "cocaine or a compound, mixture, preparation, or substance containing cocaine" then "possession of cocaine is a felony of the first degree, the offender is a major drug offender and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree." *Id.* Even if the word "cocaine" has a clear definition in isolation, "[t]he meaning of statutory language, plain or not, depends on context." *United States v. Miller*, 734 F.3d 530, 540 (6th Cir. 2013) (internal quotations omitted). Construing the words "of cocaine" in subsection (f) to mean a measure of pure cocaine would require reading an absent word into the statute to describe the phrase. *Lamie v. U.S. Trustee*, 540 U.S. 526, 538 (2004). Moreover, in order to get to Petitioner's interpretation reached in *State v. Gonzales*, 81 N.E.3d 405 (Ohio 2016) ("*Gonzales I*"),

---

[3] The provision in effect today is identical.

which was quickly overturned by *Gonzales II*,[4] would require rendering subsection (4)—"cocaine or a compound, mixture, preparation, or substance containing cocaine"—which modifies subsection (f), superfluous. Reading the definition under § 2925.01(X) in conjunction with the penalty provision in § 2925.11(C)(4)(f) provides that the "drug involved" is either "cocaine" as it is statutorily defined, "or a compound, mixture, preparation, or substance containing cocaine." *See United States v. Fitzgerald*, 906 F.3d 437, 442 (6th Cir. 2018) ("If a word in isolation is susceptible of multiple meanings . . . we work outward and examine the statutory context . . . .").

The state appellate court reached the same result. In upholding Petitioner's conviction on October 31, 2016, the Ohio Fifth District Court of Appeals relied on its decision in *State v. Chandler*, 5th Dist. No. 2003-CA-00342, 813 N.E.2d 65 (Ohio Ct. App. June 28, 2004), which held that similar to cocaine trafficking cases, in a cocaine possession case with a major drug offender specification, "the state is required to prove [(1)] the identity of the controlled substance and [(2)] a detectable amount of that substance." 69 (citing Ohio Rev. Code § 2925.03(C)(4)(g)), *aff'd* 846 N.E.2d 1234 (Ohio 2006). Substituting the word "possession" for "trafficking," the statutes were (and still are) identical at the time of Petitioner's relevant conduct. Similarly, in 2010, the Fifth

---

[4] In *Salinas v. U.S.*, 522 U.S. 52 (1997), the Court held that the judiciary should only depart from the plain and unambiguous language of criminal laws when there is an extraordinary showing of contrary intention in the legislative history. 57–58. History and policy considerations behind Ohio House Bill 86, which eliminated the difference in penalties for crack and powder cocaine in 2011, lend support to both Petitioner's interpretation and the plain reading of the statute. *State v. Limoli*, 16 N.E.3d 641, 642 (Ohio 2014). However, after *Gonzales I*, the Ohio Legislature expressed that "'[i]t was not the intent of the General Assembly to require the State, in prosecuting cocaine offenses involving mixed substances, to prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture.'" *Gonzales II*, 81 N.E.3d at 422 n.4 (quoting Title, Am.H.B. No. 4, as introduced in the 132nd General Assembly, Ohio Legislature, House Bill 4).

6

District applied a penalty enhancement under § 2925.11(C)(4) based on the holding in *Chandler*, concluding that "the concentration of cocaine . . . is not dispositive. Rather, it is the mere presence of cocaine . . . in combination with a mixture, compound, preparation or substance that is controlling." *State v. Lenoir*, 5th Dist. No. 10CAA010011, 2010WL3921188, at *8 (Ohio Ct. App. Oct. 5, 2010); *Lenoir v. Warden, Richland Correctional Inst.*, No. 11CV342, 2011WL6749073, at *13 (S.D. Ohio Dec. 22, 2011) (accepting the court of appeal's proposition that it is the presence of the drug, not the specific amount of the drug at issue that controls for purposes of the penalty enhancing provisions of R.C. 2925.11(C)); *see also State v. Cooper*, 5th Dist. No. 11CA0125, 973 N.E.2d 828, 832 (Ohio Ct. App. June 29, 2012) (recognizing that by its terms § 2925.03(C)(4) includes cocaine, or a compound, mixture, preparation or substance containing cocaine).

Further, other judicial districts across Ohio have rejected Petitioner's purity argument over several decades and several amendments to the drug statutes,[5] consistently holding that in cocaine possession and trafficking cases penalties are based on total weight. *See, e.g., State v. Smith*, 2d Dist. No. 2010-CA-36, 2011WL 2112609, at *3 (Ohio Ct. App. May 27, 2011) (holding that the State was not required to segregate cocaine from the other ingredients in the substance in order to convict defendant for possession of 5 to 25 grams of cocaine); *State v. Remy*, 4th Dist. No. 03CA2731, 2004WL1531940, at *11 (Ohio Ct. App. June 10, 2004) ("[P]ursuant to R.C. 2925.11 . . . the amount of baking soda or other substances mixed with cocaine is immaterial."); *State*

---

[5] The phrase "of cocaine" in § 2925.11(C)(4)(f) and the definition of "cocaine" in § 2925.01(X) have been in the drug offense statutes since 1996. Ohio Rev. Code §§ 2025.01(X), 2925.11(C)(4)(1996); 1995 Ohio Laws 50.

7

v. *Fuller*, 1st Dist. No. C-96073, 1997WL598404, at * 2 (Ohio Ct. App. Sep. 26, 1997) (holding that the purity of the cocaine was irrelevant in determining the amount of cocaine trafficked).

The Ohio Supreme Court decided *Gonzales I* on December 23, 2016 and *Gonzales II* on March 6, 2017. As it stands today, *Gonzales II* offers clear guidance as to what the amount of cocaine encompasses for purposes of § 2925.11(C)(4)(b) through (f)—"the total weight of the drug, including any fillers that are part of usable cocaine, should be weighed to determine the appropriate cocaine-possession penalty under the statute." 81 N.E.3d at 279. However, *Gonzales I* and *Gonzales II* were both decided after the offense for which Petitioner was convicted, and thus have no bearing on whether the law at the time of the charged conduct was clear enough to provide fair notice.

Accordingly, the Fifth District Court of Appeals did not rely on *Gonzales II* in upholding Petitioner's conviction. It relied on the state of the law at the time of Petitioner's cocaine possession, which mirrors the ultimate outcome of *Gonzales II*. The only decision Petitioner cites (and the Court could find) that supports Petitioner's interpretation of § 2925.11(C)(4)(f) at the time of the relevant conduct is the underlying Sixth District Court of Appeals case in *Gonzales I*. *State v. Gonzales*, 6th Dist. No. WD-13-086, 2015WL502263 (Ohio Ct. App. Feb. 6, 2015). One conflicting court of appeals decision, which was not controlling precedent in Ohio's Fifth Judicial District, does not negate the "reasonable warning" that Petitioner's conduct could be criminally penalized under § 2925.11(C)(4)(f) based on the plain wording of the statute and the scores of cases that said otherwise. *U.S. v. Blaszak*, 349 F.3d 881, 886–87 (6th Cir. 2003). "[D]ue process does not require 'impossible standards' of clarity . . . ." *Kolender v. Lawson*, 461

U.S. 352, 361 (1983). Both the language of the statute and the judicial decisions at the time of the relevant conduct fairly disclosed what was punishable under the major drug offender subsection for cocaine possession. Thus, as the Magistrate Judge concluded in her *Report and Recommendation*, this Court is bound by the state appellate court's interpretation of its own law on direct appeal when analyzing the elements of a criminal offense. *Johnson v. U.S.*, 599 U.S. 133, 138 (2010).

For the foregoing reasons, and for the reasons already well detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's Objection (ECF No. 10) is **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

Whereas here, a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

9

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is persuaded that Petitioner has met this standard here. Therefore, the Court **ISSUES** a certificate of appealability.

**IT IS SO ORDERED.**

6-13-2019
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**